IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BEAR GULCH SOLAR, LLC, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MONTANA PUBLIC SERVICE COMMISSION, et al., <br><br> Defendants. | CV 18–6–H–CCL <br><br> ORDER |

Before the Court are Defendants' "Partial Motion to Dismiss and Motion for Stay" (ECF No. 29) and "Motion to Hold in Abeyance Plaintiffs' Motion for Summary Judgment" (ECF No. 41). The motions came on for hearing on June 5, 2018. Ms. Jennifer Selendy, Mr. Daniel Mach, and Mr. William Mercer appeared on behalf of Plaintiffs. Mssrs. Justin W. Kraske and Jeremiah Langston appeared on behalf of Defendants. The Court has reviewed the parties briefs and received their arguments and is prepared to rule.

This is a private enforcement action pursuant to the Public Utility Regulatory Policies Act of 1978 ("PURPA"), Pub.L. 95–617, 92 Stat. 3117. In their Rule 12(b)(1) motion, the Defendants assert that the Court lacks subject matter jurisdiction to grant a portion of the relief sought by Plaintiffs, namely, a declaratory order directing Defendants to allow any QFs that satisfied the appropriate "legally enforceable obligation" standard on or before June 16, 2016, to sell their output under the "Prior QF-1 Tariff." However, it is clear that Plaintiffs' singular implementation claim pursuant to PURPA does provide this Court with subject matter jurisdiction. 16 U.S.C. § 824a-3(h)(2)(B). While it is not necessarily clear that all of the relief sought by Plaintiffs is available to them under PURPA, the Court finds that it is at least plausible that all of the relief sought by Plaintiffs might be available. This relief might be viewed as flowing naturally from Plaintiffs' implementation claim and would not require any technical effort by the Court (such as a rate setting). The relief sought may be available under the heading "other relief as may be appropriate." 16 U.S.C. § 824a-3(h)(2)(B). In any event, any right to such relief can be better decided in the

future in the context of a complete record rather than at this early stage of the proceedings.

Defendant's motion for stay pending proceedings is designed to permit Defendants to conduct a parallel administrative rulemaking, with perhaps the goal of mooting this litigation. However, Plaintiffs question whether the proposed rulemaking will result in a standard that satisfies PURPA. The Court notes also that Defendants could have begun their amendment process as early as January, 2017, after the Federal Energy Regulatory Commission issued its declaratory order on December 15, 2016. *FLS Energy, Inc.*, 157 FERC 61,211 (2016). Instead, Defendants waited for over a year, until two months after Plaintiffs filed this litigation, to propose a new rulemaking process. In the meantime, Plaintiffs claim that they are suffering continuing economic damage by being subjected to an invalid rule. Under these circumstances, and in view of the Supreme Court's decision in *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), that parallel administrative proceedings are insufficient justification for a stay if one party could be harmed by the delay, the sounder plan is to forge straight ahead with this

litigation.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Partial Motion to Dismiss and Motion to Stay (ECF No. 29) are both DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Hold in Abeyance Plaintiffs' Motion for Summary Judgment (ECF No. 41) is DENIED.

IT IS FURTHER ORDERED that Defendants shall file their Answer, response to Plaintiffs' summary judgment motion, and any Defendants' cross-motion for summary judgment on or before June 27, 2018.

There appearing to be no triable issues of fact, the Court sets down hearing on summary judgment motions on Wednesday, September 5, 2018, at 10:00 a.m., in Courtroom II, U.S. District Courthouse, Helena.

Dated this 5th day of June, 2018.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE